# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| TRACY L. CONNOLLY, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:18-cv-00385 |
| SEATTLE SERVICE BUREAU, INC. d/b/a NATIONAL SERVICE BUREAU, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes TRACY L. CONNOLLY ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of SEATTLE SERVICE BUREAU, INC. d/b/a NATIONAL SERVICE BUREAU, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Texas.

1

## PARTIES

4. Plaintiff is a 42 year-old natural "person," as defined by 47 U.S.C. § 153(39), residing in Frisco, Texas, which lies within the Eastern District of Texas.

5. Defendant is a "national debt recovery agency" that purportedly "specialize[s] in managing delinquent accounts receivable."[1] Defendant is a corporation organized under the laws of the state of Washington with its principal place of business located at 18912 North Creek Parkway, Bothell, Washington. Defendant engages in debt collection activities across the country, including in Texas.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. In approximately September 2017, Plaintiff began receiving calls her cellular phone, (214) 609-9003, from Defendant.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 9003. Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. Defendant uses several different phone numbers when calling Plaintiff's cellular phone, including but not limited to (214) 989-7271 and (214) 989-7189. Upon belief, it has used other numbers as well.

11. Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its debt collection activities.

---

[1] https://www.nsbi.net/

12. Upon answering Defendant's phone calls, Plaintiff experienced a noticeable pause, lasting several seconds in length, before being connected to a live representative.

13. On other answered calls, Plaintiff would be subjected to silence and "dead air" followed by the call being disconnected.

14. Upon speaking with one of Defendant's representatives, Plaintiff was notified that it was seeking to collect upon a debt ("subject debt") said to be owed by Plaintiff to State Farm stemming from a car accident Plaintiff was involved in.

15. After being notified of the nature of the subject debt, Defendant's representative threatened Plaintiff that nonpayment of the subject debt would result in her driver's license being suspended.

16. Frustrated with the harassing nature of Defendant's threat, Plaintiff demanded that Defendant stop calling her cellular phone.

17. Despite Plaintiff's demands, Defendant continued placing phone calls to Plaintiff's cellular phone for months.

18. Plaintiff has received not less than 25 phone calls from Defendant since demanding that it stop calling.

19. Frustrated with Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular

phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

24. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The noticeable pause, lasting several seconds in length, which Plaintiff experiences during answered calls before being connected to a representative of Defendant is instructive that an ATDS was being used. Further, the silence and dead air Plaintiff experienced prior to having certain phone calls disconnected also demonstrates Defendant's use of an ATDS. Similarly, the frequency and nature of Defendant's calls points to the involvement of an ATDS.

25. Defendant violated the TCPA by placing at least 25 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff may have given to Defendant through her financing of the subject vehicle was explicitly revoked by her demands that Defendant cease calling her cellular phone.

26. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

27. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA

should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant was made aware of Plaintiff's wishes, yet, in defiance of Plaintiff's demands, Defendant continued to knowingly and intentionally place mass calls to her cellular phone.

WHEREFORE, Plaintiff, TRACY L. CONNOLLY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 25, 2018

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Eastern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Eastern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 581-5858 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com